UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAQUARIOUS SELLERS** | **CIVIL ACTION NO. 19-1673-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **WARDEN ROBINSON** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Jaquarious Sellers ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on December 23, 2019 and signed by Petitioner on December 2, 2019. Petitioner is incarcerated at the Nelson Coleman Correctional Center in Killona, Louisiana. He challenges his state court conviction and sentence. He names Warden Alvin Robinson as respondent.

On July 19, 2017, Petitioner pleaded guilty to one count of armed robbery with use of a firearm and one count of attempted second-degree murder in Louisiana's First Judicial District Court, Parish of Caddo. On July 19, 2017, he was sentenced to ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the armed robbery conviction, five years imprisonment at hard labor without benefit

of parole, probation, or suspension of sentence as to the use of a firearm enhancement, and 20 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the attempted second degree murder conviction. The trial court ordered the ten-year and the five-year sentences to run consecutively to one another and the 20-year sentence to run concurrently to the other two sentences.

In support of this petition, Petitioner alleges (1) his guilty plea was unconstitutional, (2) the state court rulings were contrary to federal law, (3) the state court adjudication was contrary to clearly established federal law, (4) his case is distinct from McCraney, and (5) the state courts unreasonably applied clearly established federal law.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

For a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty and was sentenced on July 19, 2017. Petitioner did not seek direct review of his conviction and sentence. Thus, his conviction and sentence became final on August 18, 2017, when the delay for filing for an appeal expired and no appeal was filed. See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on December 23, 2019 and signed by Petitioner on December 2, 2019. Since the federal clock began ticking on August 18, 2017 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before August 18,

2018.  This petition was not filed until December of 2019 at the earliest, more than one year too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period.  See supra footnote 1.  Petitioner filed an application for post-conviction relief on October 15, 2018 that was signed by him on October 5, 2018.  Review of this application continued until the Supreme Court of Louisiana denied relief on November 12, 2019.  To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period.  Petitioner did not file his application for post-conviction relief until October 5, 2018 at the earliest, which was after the limitation period had already expired on August 18, 2018.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this

Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 30th day of January 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge